

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Qiana Smith-Williams<br>*Assistant Corporation Counsel*<br>qwilliam@law.nyc.gov<br>(212) 788-1580<br>(212) 788-9776 (fax) |
|---|---|---|

February 16, 2010

**BY ECF**
Honorable Allyne R. Ross
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   Jamel Levy v. City of New York, et al.,
             08 CV 3203 (ARR)(CLP)

Your Honor:

       I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the defendants in the above-referenced matter. Enclosed please find a duly executed Stipulation and Order of Settlement and Dismissal for Your Honor's endorsement and filing.

       Thank you for your consideration herein.

Very truly yours,

*[signature]*

Qiana Smith-Williams
Assistant Corporation Counsel

Encl.

cc:    Danielle Eaddy, Esq. (By ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

JAMEL LEVY,

                                Plaintiff,

                    -against-

THE CITY OF NEW YORK, a municipal entity, POLICE
OFFICER JASON DEONARINESINGH, Shield No.:
16252, SERGEANT BRANDON BERSCH, Shield No.:
02946 and "JOHN DOES", unidentified police officers
employed by the New York City Police Department in their
official and individual capacities,

                                Defendants.

------------------------------------------------------------------------- x

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

08 CV 3203 (ARR)(CLP)

        **WHEREAS,** plaintiff Jamel Levy commenced this action on or about August 7, 2008, by filing a complaint alleging, *inter alia*, violations of his state law rights and civil rights pursuant to 42 USC § 1983; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

        1.    The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2.  The City of New York hereby agrees to pay plaintiff **Jamel Levy** the sum of **Twenty Seven Thousand Five Hundred ($27,500.00) Dollars** in full satisfaction of all claims, whether arising under federal or state law, including claims for costs, expenses and attorney's fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all claims against defendants City of New York, Jason Deonarinesingh, and Brandon Bersch, and to release the defendants and all present and former employees and agents of the City of New York and the New York City Police Department from any and all liability, claims, or rights of action that have or could have been alleged by plaintiff in this action arising out of the events alleged in the complaint in this action, including claims for costs, expenses and attorney's fees.

3.  Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens.

4.  Nothing contained herein shall be deemed to be an admission by defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation and settlement shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5.  Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6.  This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:    New York, New York
          February 3, 2010

DANIELLE V. EADDY, ESQ.
Attorney for Plaintiff
26 Court Street, Suite 1400
Brooklyn, New York 11242
(718) 246-2500

By: _____
    Danielle V. Eaddy, Esq. (DE 1592)

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 788-1580

By: _____
    Qiana Smith-Williams (QS 2172)
    Assistant Corporation Counsel

SO ORDERED:

_____
ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE